Totten, J.,
delivered the opinion of the Court.
The case is a bill in chancery, at Tazewell, praying to be relieved, by injunction, against a judgment rendered, on motion, in the supreme court. The Chancellor, upon the equity assumed in the bill, granted the relief, and the defendant has appealed to this court.
It appears from the bill and answer, that in a suit in the circuit court of Claiborne, of John Kincaid vs. Isaac Van Bebber, the plaintiff was non-suited, and there was judgment against him for the costs. He appealed to the supreme court, at Knoxville, where the judgment was affirmed, and judgment rendered against said Kincaid for $620, being the costs of the circuit court and of the supreme court, accrued in that behalf. On this judgment execution was issued, and it came to the hands of James B. Smith, the sheriff of Claiborne, to be executed. The costs were taxed as being due to the clerks of said courts, to witnesses for each of said parties, to the State for revenue, &c.
The plaintiff avers that he, as sheriff, proceeded, before its return, to collect the amount due on this execution except the sum of about $30, the costs due the circuit court clerk, which that clerk ordered him not to collect, — and that he received in payment of said execution, from the said Kincaid, part in money and part in receipts of witnesses therein named, who had been paid the amount due them, by the said Kincaid. *112 The sheriff, however, failed to make return of the execution, as, by it, he was commanded, and at the next term of the supreme court, on the motion of said Isaac Van Bebber, judgment was rendered in said court against the said sheriff and his sureties for the sum of the costs named in said execution, and interest and twelve and a half per centum, damages for the non-return of the execution. It further appears, that the sheriff had no notice of this motion, and that said Van Beb-ber was proceeding, by execution, to collect of the sheriff and his sureties, the entire amount of said judgment, without crediting the same with the payments which had been made to the witnesses, or with any payments whatever; and that he has assigned a part of said recovery to some third person. The Chancellor was of opinion, and so decreed, that the plaintiff was entitled to relief to the extent that payments had actually been made, before the return day of the execution.
By the act of 1835, ch. 19, sec. 6, the s heriff or other of ficer, to whose hands any execution, from a court of record, shall come to be executed, is made liable to judgment by motion. First. “If he fail to make due and proper return” of the execution. Second. The return being made, if he fail to “pay over” the money collected thereon; and Third. If he make “a false or insufficient return.” The judgment shall be “for the amount due upon said execution, or for the amount collected by such sheriff,” &c., “with interest thereon, together with twelve and a half per centum damages.
By the act of 1838, ch. 190, “If the sheriff fail to make return on or before the day limited for the return of any execution from the supreme court, he shall forfeit to the plaintiff in the execution, twelve and a half per centum damages upon the amount of judgment, and the interest up to the return day, and the amount of costs to the parties entitled thereto. And in no case shall the return of the execution and payment of *113 the money, after the day specified, excuse or release the damages and costs aforesaid.”
Such are the statute provisions on this subject, from which it will be seen, that a most rigid and exact duty is required to be performed by the sheriff.
We observe that where the motion is for the non-return, the judgment shall be for'the amount due on the execution.
Now, this may be for the whole amount named in the execution, or it may be for a less sum, as where part thereof has been actually paid to the plaintiff. In no just sense can it be said, that the amount due on this execution, is the nominal amount, when a part thereof has been actually paid to the person entitled. If no payments have been made, then it is for the nominal amount, — if any have been made, then the amount due is the balance of the execution, after deducting the payments. The plaintiff is entitled to interest also, up to the day of the return, and then by way of penalty, to twelve and a half per centum damages on the amount due. It is expressly provided, that a payment of the execution after the return .day thereof, shall not release the damages and costs for which the sheriff became liable, by reason of the non-return.
We may further observe, that as the summary remedy, by motion, is given to the plaintiff, without notice to the officer, except in certain specified cases, the officer has no day in court to make defence, if any he have. It is, therefore, the duty of the plaintiff to see that his ez parte judgment be taken for no more than is justly due to him on the execution. And if by concealing the fact of payments, he take it for a greater sum, it is a fraud upon the officer, and upon the law which gives the motion.
Now, it is very evident that Van Bebber, as plaintiff, has no actual interest in the judgment and execution in question. The judgment in the supreme court was for costs only, and though rendered in his name, the costs in fact belong to other *114 persons, in whose favor they were taxed. He is to be regarded as merely the legal owner for the purpose of collection, and they as the equitable and actual owners thereof. When collected and paid into the office, he has no right as plaintiff in the execution to demand the costs, but it is the duty of the clerk to pay them as taxed, to the true owners or to their order.
In the next place we observe, that a very considerable port ion of the costs had been paid over to the true owners before the return day of the execution. But the judgment wTas taken for the nominal amount of the execution, without regard to the credits to which it was justly entitled. And the nominal plaintiff, in the judgment on motion, is proceeding to enforce it, and of course for his own benefit, as the persons paid will have no pretence to demand or receive another payment.
it was a fraud in the plaintiff to suppress the fact of payment, and to take his judgment, on motion, for more than was actually due. And it is a fraud in him to enforce, by execution, a judgment so unjustly and improperly obtained.
We do not perceive that, for this wrong and injustice, the sheriff has any adequate remedy at law, when the execution proceeds from the supreme court, it having no original jurisdiction after the judgment, on motion, to hear and determine the facts in question; end, therefore, the sheriff should have relief in equity, by injunction, to the extent of the payments actually made. In the Planters’ Bank vs. Porter, 10 Humph. 318, it was alledged in defence, that the judgment was paid by the debtor to the creditor after the return day of the execution. And the court say, that such payment “made prior to the return day of the execution would constitute no excuse for the failure of the sheriff to make return of the execution. Much less would such payment or satisfaction, subsequent to the return day of the execution, constitute an excuse for the non-return of the execution.”
*115 The principle thus asserted is, that it is the duty of the sheriff, in any event, to make return of the execution, as therein he is commanded. This is certainly true, and if he fail to perform his duty in this respect, he becomes liable to the party injured. But we have seen that the extent of such liability will not be merely arbitrary, but depend upon the truth and justice of the case.
Thus, a payment of the execution after the day of its return, will not excuse the sheriff for a non-return, — for, as we have seen, he remains liable by statute to pay the twelve and a half per centum damages, given as a penalty for the non-return. And so, if the payment be to the creditor before the return of the execution, it is still the duty of the sheriff to make return thereof and of the costs ffiue thereon, as they belong, not to the plaintiff, but to the persons in whose favor they are taxed.
Certainly, if all the persons interested in the execution have been paid before its return, it would be unreasonable, and unjust, to give to them a judgment, by motion, against the sheriff for the non-return merely, of an execution in which they had no further interest. If the return of the execution merely, was a matter of any consequence to either party, that should be enforced by a rule on the sheriff, to return it. The case of Doyle vs. Glenn, 4 Humph. R., 310, is not in conflict with the present case. For, in that case, a partial payment having been made, the judgment against the officer was for the balance due and the damages and costs, for the non-return. The court was further of opinion, the question being made in that case, that there was no equity in the claim of the officer to be substituted to the right of the creditor against the debtor in that behalf; because he had incurred an original and personal liability in the nature of a penalty, for the non-performance of his duty as an officer. It will be seen that this principle has no application to the present case.
*116 The decree of the Chancellor will be affirmed, and the calise remanded to take the account on the basis of the decree.